FILED
CLERK

11/15/2013 11:43 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
AMERICAN FAMILY HOME INSURANCE
CO.,

                      Plaintiff,

            -against-

RICHARD A. DELIA, LAURA L. DELIA,
DOMINIC D'ELIA, CRD METALWORKS,
LLC, WESTPOINT TRANSPORT CORP.,
SALD'E CONTRACTING CORP., FLN-MAR
RUBBER & PLASTICS, INC., DANFOSS
LLC, DANFOSS MANUFACTURING
CO., LTD. EASTERN INDUSTRIAL
AUTOMATION,

                     Defendants.
----------------------------------------------------------X

**SHORT ORDER**
12-cv-5380 (ADS)(WDW)

**APPEARANCES:**

**Traub Lieberman Straus & Shrewsberry LLP**
*Attorneys for the Plaintiff*
7 Skyline Drive
Hawthorne, NY 10532
        By: Eric D. Suben, Esq.
             Roman Lebedinskiy, Esq., Of Counsel

**White, Fleischner & Fino**
*Attorneys for the Defendant CRD Metal Works, LLC*
1527 Franklin Avenue
Mineola, NY 11501
        By: Stuart G. Glass, Esq., Of Counsel

**NO APPEARANCE:**

*All Defendants other than CRD Metal Works, LLC*

**SPATT, District Judge.**

        On October 12, 2012, the Plaintiff American Family Home Insurance Co. ("American") commenced this action arising out of an underlying personal injury action, <u>D'Elia v. CRD</u>

Metalworks, LLC, et al. v. Richard A. Delia, et al., 12-CV-0030 pending before United States District Court Judge Joanna Seybert.  The third-party action in that lawsuit was filed by CRD Metal Works, LLC against Westpoint, Sald'e, Island Industries Corporation ("IIC") and Richard A. Delia.  In the underlying action, Richard A. Delia ("Delia") sought representation from American pursuant to a policy issued to him and to Laura Delia for the period August 16, 2011 to August 16, 2012 ("the Policy"), and American provided a defense, with a reservation of rights.

On October 16, 2012, American denied coverage on the ground that the underlying injury occurred in connection with the "business pursuits" of the insured on "uninsured premises" as defined in the Policy.  American also contends that Delia's failure to cooperate in the underlying litigation precluded coverage as a matter of law.

American subsequently commenced this action seeking a declaration of the parties' rights and obligations, if any, with regard to insurance coverage for Delia in the third-party action and to recoup monies spent on the defense.  Only defendant CRD Metal Works, LLC has appeared and answered.  On June 5, 2013, the Clerk of the Court noted the default of defendants Richard A. Delia, Laura L. Delia, Dominic D'Elia, Eastern Industrial Automation, Westpoint Transport Corporation, and Sald'e Contracting Corporation ("the defaulting defendants") in regard to the Amended Complaint.  The remaining Defendants – CRD Metal Works, LLC, FLN-Mar Rubber & Plastics, Inc., Milton Cat, Danfoss, Inc., Danfoss LLC, and Danfoss Manufacturing Co., Ltd. – ("the non-defaulting defendants") have agreed to be bound by the Court's rulings without the need for any appearance or participation by them in this action, provided the Plaintiff does not seek the default of these parties without prior written notice.

On August 9, 2013, American moved for a default judgment against the defaulting defendants and for summary judgment against the non-defaulting defendants.  On August 15,

2013, the Court referred this matter to United States Magistrate Judge William D. Wall for a recommendation as to whether the motion for a default judgment and declaratory relief should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On September 11, 2013, Judge Wall issued a thorough report recommending that the Court grant the Plaintiff's motions for default judgment and summary judgment. Further, Judge Wall recommended that the judgment include a declaration that (1) American has no obligation to defend or indemnify any entity in the underlying action and third-party action; (2) American is entitled to withdraw its defense of Delia in the underlying third-party action; (3) American has no obligation to any person or entity with respect to matters alleged against Delia in the underlying third-party action; and (4) American is entitled to recoup $41,227.95 as costs incurred in defending Delia in the third-party action despite there being no contractual obligation to do so.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Walls's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Walls's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED,** that the Clerk of the Court is directed to (1) enter a default judgment against the Defendants Richard A. Delia, Laura L. Delia, Dominic D'Elia, Eastern Industrial Automation, Westpoint Transport Corporation, and Sald'e Contracting Corporation and (2) summary judgment against CRD, FLN-MAR and the Danfoss entities; and it is further

**ORDERED**, that the judgment include a declaration that (1) American has no obligation to defend or indemnify any entity in the underlying action and third-party action; (2) American is entitled to withdraw its defense of Delia in the underlying third-party action; (3) American has no obligation to any person or entity with respect to matters alleged against Delia in the underlying third-party action; and (4) American is entitled to recoup $41,227.95 as costs incurred in defending Delia in the third-party action despite there being no contractual obligation to do so; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
November 15, 2013

                                            *Arthur D. Spatt*
                                            ARTHUR D. SPATT
                                         United States District Judge